UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL PHILLIP DANOW,

    Plaintiff,

v.                                      CASE NO. 8:14-cv-455-T-23EAJ

MATTHEW GISH,

    Defendant.
_____/

## **O R D E R**

Danow's complaint alleges that his appointed counsel violated his civil rights by not providing proper representation during state criminal proceedings. Danow moves for leave to proceed *in forma pauperis*. (Doc. 2) The Prisoner Litigation Reform Act requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Although his complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), Danow's complaint fails to state a claim that he can pursue in a civil rights action.

To assert a valid Section 1983 claim, a plaintiff must show that the defendant acted under color of law. "[M]ost rights secured by the Constitution are protected only against infringement by governments." *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 156 (1978). "Th[e Fourteenth] Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1 (1948). *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982); *Campbell v. United States*, 962 F.2d 1579, 1582 (11th Cir. 1992), *cert. denied*, 507 U.S. 909 (1993). No defense counsel—whether publicly provided or privately retained—acts under color of law. "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dobson*, 454 U.S. 312, 325 (1981). *Accord Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (holding that a state public defender does not act under color of state law, even when appointed by a state court). Danow alleges that his counsel (1) deceived him into signing a waiver of speedy trial, (2) failed to challenge the admissibility of the state's evidence, and (3) refused both to introduce favorable physical evidence and to interview witnesses. Danow's allegations are based on his counsel's acts while "performing a lawyer's traditional functions," as described in *Dobson*. Therefore, Danow's defense counsel was not acting under color of state law and is not liable under Section 1983.

Additionally, Danow seeks to have his conviction reversed and the charges dismissed based on counsel's ineffective representation. When a state prisoner

challenges the fact or duration of his confinement, a writ of habeas corpus is his exclusive federal remedy. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). This long-standing principle was affirmed in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis original).

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of the civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Danow has no Section 1983 claim unless he first prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck v. Humphrey*, 512 U.S. at 489-90. Danow must pursue his challenges to the conviction and sentence in a petition for the writ of habeas corpus after exhausting his state post-conviction remedies.

Lastly, Danow's request to revoke his appointed counsel's license to practice law is relief not available from a federal district court.

Accordingly, the civil rights complaint is **DISMISSED** under Section 1915(e)(2)(B). The motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED** as moot. The clerk must enter a judgment against Danow and close this case.

ORDERED in Tampa, Florida, on February 25, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE